**MADDEN INVESTMENT COMPANY, Appellant,**

v.

**STEPHENSON'S APPAREL et al., DiPasquale, Appellee.**

[Cite as *Madden Invest. Co. v. Stephenson's Apparel,*
162 Ohio App.3d 51, 2005-Ohio-3336.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 20734.

Decided June 30, 2005.

Thomas P. Whelley II, Todd E. Bryant and Rachael L. Rodman, for appellant.

Mark R. Chilson, for appellee.

GRADY, Judge.

{¶ 1} This is an appeal from a judgment of the court of common pleas for a defendant on a plaintiff's claim for unpaid rent and utilities.

{¶ 2} The underlying action was commenced by Madden Investment Company ("Madden") against Stephenson's Apparel, a retail women's clothing business, Stephen Roudebush, and Charles DiPasquale. Roudebush had leased retail space for Stephenson's Apparel from Madden, but disappeared after the business closed, leaving rent and utilities unpaid. Madden pursued its claim for unpaid rent and utilities against DiPasquale, claiming that he and Roudebush were

partners in Stephenson's Apparel and, therefore, jointly and severally liable on Madden's claim for relief.

{¶ 3} The matter was referred to a magistrate, who entered a decision against DiPasquale on Madden's claim for relief on a finding that Roudebush and DiPasquale were partners in Stephenson's Apparel. DiPasquale filed objections. The trial court sustained his objections, finding that no partnership existed, and entered judgment for DiPasquale. Madden appeals.

## FIRST ASSIGNMENT OF ERROR

{¶ 4} "The trial court erred in focusing on two 'essential elements' of a partnership rather than considering the totality of the circumstances."

## SECOND ASSIGNMENT OF ERROR

{¶ 5} "The trial court erred in concluding that Dr. DiPasquale was not a partner of Stephenson's Apparel because he had not intended to share in the losses of the partnership."

{¶ 6} The threshold issue was whether Roudebush and DiPasquale were partners, because DiPasquale had neither negotiated nor signed the lease with Madden and DiPasquale's liability for unpaid rent and utilities due under the lease could exist only if he and Roudebush were partners in Stephenson's Apparel.

{¶ 7} There was no written partnership agreement between Roudebush and DiPasquale, who insisted that he was not a partner but only a creditor of Roudebush and Stephenson's Apparel. The trial court did not expressly find that DiPasquale was a creditor, but it rejected Madden's contention that DiPasquale and Roudebush were partners.

{¶ 8} A partnership is "an association of two or more persons to carry on as co-owners a business for profit." R.C. 1775.05(A). The existence of a partnership may be express, as by an agreement, or implied from the conduct of the persons concerned. An implied partnership must be found to exist from the totality of the attendant facts and circumstances. *Ehrhardt v. Abbate*, Cuyahoga App. No. 79679, 2002-Ohio-2716, 2002 WL 1265569.

{¶ 9} R.C. 1775.06 sets out three rules to determine the existence of a partnership. The only one of those relevant to these facts and circumstances is division (D), which states: "The receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in the business, but no such inference shall be drawn if such profits were received in payment: (1)[a]s a debt by installments or otherwise * * *."

{¶ 10} The trial court rejected Madden's claim that DiPasquale was a partner of Roudebush, relying, in substantial part, on a finding that though DiPasquale "may have expected to share in the profits of Stephenson's Apparel, he did not expect to share in its losses. In other words, he intended to be there in good times, but not in bad."

{¶ 11} It is doubtful that anyone who opens a retail business does so with an expectation of losses. R.C. 1775.17(A) imposes a duty on partners to "contribute toward the losses * * * sustained by the partnership according to the partner's share in the profits." The duty to share in losses is therefore a product of statute, not the subjective expectations of the persons concerned. Whether a partnership exists must be otherwise determined.

{¶ 12} DiPasquale purchased $40,000 in inventory for Stephenson's Apparel. He opened a business checking account for Stephenson's Apparel, indicating that it was a partnership business. Otherwise, there was no evidence of his authority to bind the business and none that he had any control over its day-to-day operations.

{¶ 13} The only return DiPasquale received on his investment was two checks in the amount of $1,000 each made payable to him by Roudebush. The two canceled checks indicated on the memo line that they were for "Loan Repayment," but it was unclear who had made that entry. DiPasquale was unable to say what interest rate or repayment terms attached to his alleged loan to Roudebush. He said that he expected to recoup any losses from the inventory he had purchased.

{¶ 14} The two "essential elements" of a partnership to which the first assignment of error refers were, apparently, the authority to bind the partnership and a duty to share in any losses. We cannot find that the court limited its consideration to them and ignored other relevant circumstances. The first assignment of error is therefore overruled.

{¶ 15} With respect to the second assignment of error, we conclude that the trial court's consideration of the circumstances was directly and prejudicially affected by its erroneous finding that because DiPasquale had no subjective expectation to share in losses, he was not a partner. The second assignment of error is sustained.

### THIRD ASSIGNMENT OF ERROR

{¶ 16} "The trial court erred in finding that there was insufficient evidence of the amount of utilities due under the lease between Madden and Stephenson's."

{¶ 17} Madden offered evidence, which was uncontradicted, that Stephenson's Apparel and Roudebush agreed to pay utility charges for the rented space at the rate of $900 per month. The trial court made no award on the claim, but neither did it make a finding denying it.

{¶ 18} If DiPasquale is not liable to Madden, as the trial court held, then the particular error herein assigned is moot. If, on remand, the court finds for Madden and against DiPasquale, the court may proceed to grant or deny the claim for unpaid utility charges on the evidence before the court.

{¶ 19} The third assignment of error is overruled.

{¶ 20} Having sustained the second assignment of error, we reverse the judgment from which this appeal was taken and remand the case for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

BROGAN, P.J. and WOLFF, J., concur.